**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JONATHAN CURTIS SCHLICHTIG, | : | |
| | : | Civ. A. No. 11-792 (NLH)(AMD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| PRISON HEALTH SERVICES | : | **AND ORDER** |
| CORRECTION HEALTHCARE, INC., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**HILLMAN, District Judge**:

1.   On February 14, 2011, Defendants County of Gloucester and

Gloucester County Department of Corrections filed a Notice

of Removal pursuant to 28 U.S.C. § 1446.[1]  The basis of the

removal was that the action commenced by Plaintiff, Jonathan

Curtis Schlichtig, in the Superior Court of New Jersey,

Gloucester County - Law Division, was based on an alleged

violation of Plaintiff's civil rights.  As such, the

complaint asserts claims under 42 U.S.C. § 1983 and provides

the Court with subject matter jurisdiction pursuant to 28

U.S.C. § 1331.

---

1.   On the same date, Defendant Prison Health Services
Correctional Healthcare, Inc. filed a separate Notice of Removal
in Civil Action Number 11-854, which matter was subsequently
consolidated with the above-captioned matter.

2.    On August 15, 2011, Defendant Prison Health Services

Correctional Healthcare, Inc. ("PHS") filed a motion for

partial summary judgment.  In the motion, PHS asserts that

Count One of the complaint asserts a claim for deliberate

indifference to a serious medical need, and Count Two

asserts breach of contract for failure to take appropriate

medical action to treat Plaintiff.  PHS argues that it

appears Counts One and Two may contain claims of medical

malpractice, yet Plaintiff has not filed an Affidavit of

Merit as required by New Jersey law, N.J.S.A. § 2A;53A-26 et

seq., and his statutory time to do so has expired.

3.    On October 3, 2011, Plaintiff filed a cross-motion for

partial summary judgment.  In the cross-motion, Plaintiff

states that "this is not a medical malpractice action . . .

but is rather sounded in violation of Plaintiff's state and

federal Civil Rights[.]"  (Letter Br. of Richard M. Flynn,

Esq. 2, Oct. 3, 2011.)  Plaintiff also requests that the

Court grant him a reasonable period of time to obtain an

Affidavit of Merit if the Court determines that an Affidavit

of Merit is required.  (Id. at 9.)[2]

4.    An Eighth Amendment claim for medical care entails a

---

2.  It appears that Plaintiff's cross-motion was mislabeled as a
motion for summary judgment when Plaintiff instead seeks an
opportunity to submit an Affidavit of Merit should the Court
determine that such Affidavit is necessary.

different analysis from a state law claim for medical
malpractice.  To prevail on a claim under the Eighth
Amendment, a plaintiff must show that defendants were
deliberately indifferent to a serious medical need.  <u>Farmer
v. Brennan</u>, 511 U.S. 825, 842 (1994); <u>Estelle v. Gamble</u>, 429
U.S. 97, 104-05 (1976).  By contrast, under New Jersey law,
to establish a <u>prima facie</u> case of negligence in a medical
malpractice action, "a plaintiff must present expert
testimony establishing (1) the applicable standard of care;
(2) a deviation from that standard of care; and (3) that the
deviation proximately caused the injury."  <u>Teilhaber v.
Greene</u>, 320 N.J. Super. 453, 465 (N.J. Super. Ct. App. Div.
1999) (citations omitted).

5.   An Affidavit of Merit must be obtained in "any action for
damages for personal injuries . . . resulting from an
alleged act of malpractice or negligence by a licensed
person in his profession or occupation," which includes a
medical malpractice action.  An Affidavit of Merit is not a
prerequisite to state an Eighth Amendment claim.  N.J.S.A. §
2A:53A-27; <u>Planker v. Ricci</u>, No. Civ. A. 07-2679, 2009 WL
2928951, at *4 (D.N.J. Sept. 9, 2009); <u>Coletta v. Bd. of
Freeholders</u>, No. Civ. A. 06-585, 2007 WL 128893, at *9 n.5
(D.N.J. Jan. 12, 2007).

6.   Because Plaintiff concedes that he does not seek to assert a

medical malpractice claim based on state law, he was not required to obtain an Affidavit of Merit.

7.    As the complaint does not set forth a claim for medical malpractice, there is no need to dismiss Counts One and Two to the extent they assert a medical malpractice claim, as requested by Defendants.

8.    Nor is there any reason to grant Plaintiff the opportunity to obtain an Affidavit of Merit, in light of his representation that he does not seek to assert a medical malpractice claim in this case.

**CONSEQUENTLY**, for the reasons set forth above and for good cause shown:

**IT IS** on this 22nd day of December 2011,

**ORDERED** that Defendant PHS's motion [Doc. No. 7] for partial summary judgment shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's cross-motion [Doc. No. 12] for an extension of time to obtain an Affidavit of Merit shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**.

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.