UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JONATHAN CURTIS SCHLICHTIG,<br><br>           Plaintiff,<br><br>      v.<br><br>PRISON HEALTH SERVICES<br>CORRECTION HEALTHCARE, INC.,<br>et al.,<br><br>           Defendants. | Civ. A. No. 11-792 (NLH)(AMD)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**HILLMAN, District Judge**:

1. On February 14, 2011, Defendants County of Gloucester and Gloucester County Department of Corrections filed a Notice of Removal pursuant to 28 U.S.C. § 1446.[1] The basis of the removal was that the action commenced by Plaintiff, Jonathan Curtis Schlichtig, in the Superior Court of New Jersey, Gloucester County - Law Division, was based on an alleged violation of Plaintiff's civil rights. As such, the complaint asserts claims under 42 U.S.C. § 1983 and provides the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

1. On the same date, Defendant Prison Health Services Correctional Healthcare, Inc. filed a separate Notice of Removal in Civil Action Number 11-854, which matter was subsequently consolidated with the above-captioned matter.

2. On August 15, 2011, Defendant Prison Health Services Correctional Healthcare, Inc. ("PHS") filed a motion for partial summary judgment. In the motion, PHS asserts that Count One of the complaint asserts a claim for deliberate indifference to a serious medical need, and Count Two asserts breach of contract for failure to take appropriate medical action to treat Plaintiff. PHS argues that it appears Counts One and Two may contain claims of medical malpractice, yet Plaintiff has not filed an Affidavit of Merit as required by New Jersey law, N.J.S.A. § 2A;53A-26 et seq., and his statutory time to do so has expired.

3. On October 3, 2011, Plaintiff filed a cross-motion for partial summary judgment. In the cross-motion, Plaintiff states that "this is not a medical malpractice action . . . but is rather sounded in violation of Plaintiff's state and federal Civil Rights[.]" (Letter Br. of Richard M. Flynn, Esq. 2, Oct. 3, 2011.) Plaintiff also requests that the Court grant him a reasonable period of time to obtain an Affidavit of Merit if the Court determines that an Affidavit of Merit is required. (Id. at 9.)[2]

4. An Eighth Amendment claim for medical care entails a

---

2. It appears that Plaintiff's cross-motion was mislabeled as a motion for summary judgment when Plaintiff instead seeks an opportunity to submit an Affidavit of Merit should the Court determine that such Affidavit is necessary.

     different analysis from a state law claim for medical malpractice. To prevail on a claim under the Eighth Amendment, a plaintiff must show that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 842 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). By contrast, under New Jersey law, to establish a prima facie case of negligence in a medical malpractice action, "a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Teilhaber v. Greene, 320 N.J. Super. 453, 465 (N.J. Super. Ct. App. Div. 1999) (citations omitted).

5. An Affidavit of Merit must be obtained in "any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation," which includes a medical malpractice action. An Affidavit of Merit is not a prerequisite to state an Eighth Amendment claim. N.J.S.A. § 2A:53A-27; Planker v. Ricci, No. Civ. A. 07-2679, 2009 WL 2928951, at *4 (D.N.J. Sept. 9, 2009); Coletta v. Bd. of Freeholders, No. Civ. A. 06-585, 2007 WL 128893, at *9 n.5 (D.N.J. Jan. 12, 2007).

6. Because Plaintiff concedes that he does not seek to assert a

      medical malpractice claim based on state law, he was not required to obtain an Affidavit of Merit.

7. As the complaint does not set forth a claim for medical malpractice, there is no need to dismiss Counts One and Two to the extent they assert a medical malpractice claim, as requested by Defendants.

8. Nor is there any reason to grant Plaintiff the opportunity to obtain an Affidavit of Merit, in light of his representation that he does not seek to assert a medical malpractice claim in this case.

    **CONSEQUENTLY**, for the reasons set forth above and for good cause shown:

    **IT IS** on this 22nd day of December 2011,

    **ORDERED** that Defendant PHS's motion [Doc. No. 7] for partial summary judgment shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

    **ORDERED** that Plaintiff's cross-motion [Doc. No. 12] for an extension of time to obtain an Affidavit of Merit shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**.

At Camden, New Jersey                         s/ Noel L. Hillman  
                                                      NOEL L. HILLMAN, U.S.D.J.